## 37495. SMITH v. GREENWOOD.

GREGORY, Justice.

Appellant, administratrix of the estate of Melissa Brown, brought this action to set aside as fraudulent a conveyance of real property from Mrs. Brown to the appellee. The following evidence was adduced at trial.

In March, 1974, Mrs. Brown purchased a chain link fence for her home in West Point, Georgia, at a price of approximately $875. Mrs. Brown's sole income was $100 per month in Social Security benefits. At some point, not shown by the record, the appellee paid the balance of the note on the chain link fence. On July 9, 1974 the appellee filed a warranty deed which purported to convey Mrs. Brown's house to himself. Testimony was offered to prove that Mrs. Brown could read "a little bit" and "could barely scribble her name."

Mrs. Brown died in May, 1979 at the age of 88. Shortly thereafter the appellee informed Mrs. Brown's relatives that Mrs. Brown's house belonged to him; he then requested that the relatives clear out

her belongings. Testimony by the appellant indicated that the deceased had stated that the appellee was "looking after things" for her, but that the deceased had not informed anyone of the 1974 conveyance.

At trial the appellant offered an exemplar of Mrs. Brown's signature to show that the signature on the warranty deed had not been made by the deceased. At that point the appellee.stipulated that the signature on the warranty deed "was not physically made by Mrs. Brown, but we would expect the evidence to clear that up; but we would stipulate that she did not actually make that signature on that document."

At the close of appellant's evidence appellee moved for a directed verdict on the grounds that there was no competent evidence presented either as to fraud or to inadequacy of consideration. The trial court found that the appellant had produced no evidence for the jury to consider on the question of inadequacy of consideration and granted the motion for directed verdict.

The test for determining whether a motion for directed verdict should be granted is set out in Code Ann. § 81A-150 (a) which states, in part: "If there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable deductions therefrom shall demand a particular verdict, such verdict shall be directed."

The appellant raised the issue of a fraudulent conveyance and established that the signature on the warranty deed was not made by the deceased. We cannot say that these facts, together with the other evidence offered by appellant, demand a verdict for the appellee.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 26, 1981.

*Allison W. Davidson,* for appellant.
*Drexel Meadors,* for appellee.